**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Dennis TUCKER, Defendant–Appellant.**

**No. 01–5841.**

United States Court of Appeals,
Sixth Circuit.

Sept. 30, 2002.

Before GUY, SILER, and BATCHELDER, Circuit Judges.

*ORDER*

Dennis Tucker, a federal prisoner proceeding through counsel, appeals the sentence imposed upon his conviction for distributing 95.3 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). The parties have expressly waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

A federal grand jury indicted Tucker on two counts of drug trafficking and one count of carrying a firearm during and in relation to a drug trafficking crime. In exchange for the dismissal of the other counts, Tucker agreed to plead guilty to one count of distributing cocaine base. Defense counsel then filed an objection to the presentence investigation report (PSR), arguing that Tucker's criminal history category was incorrectly calculated because it included a 1997 uncounseled misdemeanor conviction for assault, which had resulted in imprisonment. After listening to Tucker's testimony at sentencing and examining Tucker's written waiver of counsel, the district court determined that the misdemeanor conviction was countable and sentenced Tucker to 188 months in prison.

In his timely appeal, Tucker reasserts the objection made at sentencing.

This court reviews the application of the United States Sentencing Guidelines de novo. *United States v. Hicks,* 4 F.3d 1358, 1361 (6th Cir.1993); *United States v. Sanchez,* 928 F.2d 1450, 1458 (6th Cir.1991). A sentencing court's factual findings must be upheld unless clearly erroneous. *United States v. Watkins,* 994 F.2d 1192, 1195 (6th Cir.1993).

Specifically, Tucker challenges the assessment of one criminal history point for the 1997 misdemeanor conviction and two criminal history points for being on probation for the misdemeanor when he committed the instant federal offense. Tucker argues that the assessment was improper under *Nichols v. United States,* 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994), because the misdemeanor conviction was uncounseled, yet resulted in a term of imprisonment. Tucker had pleaded guilty to the misdemeanor and had been sentenced to 11 months and 29 days in prison, with all but 10 days suspended.

Under *Nichols,* an uncounseled misdemeanor conviction may be included in calculating the criminal history category only if the conviction did not result in a term of imprisonment. *Id.* at 746–47. However, *Nichols* does not apply where a defendant knowingly and intelligently waived his right to counsel in connection with a misdemeanor, even if the conviction resulted in a term of imprisonment. *United States v. Logan,* 250 F.3d 350, 377 (6th Cir.), *cert. denied,* — U.S. ——, 122 S.Ct. 216, 151 L.Ed.2d 154 (2001). Additionally, a presumption of regularity attaches to state court proceedings, including the waiver of counsel preceding a guilty plea. *Cuppett v. Duckworth,* 8 F.3d 1132, 1136–37 (7th Cir.1993) (citing *Parke v. Raley,* 506 U.S. 20, 29, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992)).

The district court properly concluded that Tucker had knowingly and intelligently waived his right to counsel before he pleaded guilty to the state misdemeanor. At the federal sentencing hearing, Tucker first testified that at the time of his guilty plea to the state misdemeanor, no one had told him that he had a right to an attorney or had asked him if he wanted to waive his right to an attorney. On cross-examination, however, Tucker admitted signing the waiver of counsel and acknowledged that he had been given an opportunity to read it, but had not. We conclude that Tucker's self-serving statements that his conviction was constitutionally infirm are insufficient to overcome the presumption of regularity accorded state convictions, particularly in light of his written waiver. Therefore, the district court properly assessed the three challenged criminal history points.

Accordingly, the district court's judgment is affirmed.