RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 07a0114p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

      *Plaintiff-Appellee,*

    *v.*

No. 06-1224

JABBOLLI KENYATTA DAVIST,

      *Defendant-Appellant.*

>

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 05-80263—Lawrence P. Zatkoff, District Judge.

Submitted: February 16, 2007

Decided and Filed: March 29, 2007

Before: MARTIN and DAUGHTREY, Circuit Judges; SCHWARZER, District Judge.[*]

---

**COUNSEL**

**ON BRIEF:** Jonathan M. Epstein, FEDERAL PUBLIC DEFENDERS OFFICE, Detroit, Michigan, for Appellant. Matthew J. Schneider, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee.

---

**OPINION**

---

BOYCE F. MARTIN, JR., Circuit Judge. Defendant Davist appeals from his sentence for false claims against the United States, conspiracy to defraud the United States, and false statements. He argues that the district court erred in issuing a two-point enhancement under U.S.S.G. § 3C1.1. Finding no error, we affirm.

I

From 1999 to 2002, Davist was involved in a scheme to file fraudulent tax refunds. Davist supplied individuals with false W-2 forms (i.e., from companies the individuals never worked for), helped them submit false refund claims based on these forms, and then took for himself a large percentage of the refunds that the individuals obtained. The fraudulent refunds connected in some

---

[*]The Honorable William W Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

way to Davist amounted to a total of $187,362. When later interviewed by Internal Revenue Service officials, Davist denied any involvement in the tax refund scheme.

On March 17, 2005, Davist was charged in a twenty-one count indictment, which included one count of conspiracy to defraud the United States through false claims in violation of 18 U.S.C. § 286, eighteen counts of making false claims against the United States and aiding and abetting, in violation of 18 U.S.C. § 287 and 18 U.S.C. § 2, and two counts of making false statements to a federal official in violation of 18 U.S.C. § 1001. Davist pled guilty to all counts of the indictment without the benefit of a Rule 11 Plea Agreement. On January 9, 2006, the district court sentenced Davist to 40 months' imprisonment.

II

Davist's sole argument on appeal is that his offense level, which was increased from 17 to 19 based on a two-point enhancement for obstruction of justice under U.S.S.G. § 3C1.1, was improperly calculated by the district court.[1] We review for clear error a district court's factual findings underlying its decision to impose an obstruction-of-justice enhancement under § 3C1.1. *United States v. Chance*, 306 F.3d 356, 389 (6th Cir. 2002). Conclusions as to what facts constitute obstruction of justice are then reviewed de novo. *Id.* Even though the Supreme Court declared the guidelines advisory in *United States v. Booker*, 543 U.S. 220 (2005), we are still required to remand for resentencing if the district court misapplies the guidelines. 18 U.S.C. § 3742(f).

Section 3C1.1 provides for a two-point enhancement if

> (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense . . . .

Perhaps more important than the Guidelines provision itself is Application Note 4, which indicates that the § 3C1.1 enhancement is to apply "to any other obstructive conduct in respect to the official investigation, prosecution, or sentencing of the instant offense *where there is a separate count of conviction for such conduct*." (Emphasis added.) Here, in addition to his underlying offenses of false claims and conspiracy to defraud, Davist pled guilty to exactly such obstructive conduct: namely, the two counts of making false statements to a federal official. *See also* U.S.S.G. § 3C1.1, App. Note 8 (clarifying how underlying offenses are to be grouped with obstruction offenses and enhanced accordingly).

Many of our sister circuits have held under similar facts that where a defendant is convicted of a separate count for obstructive conduct, the two-point enhancement under § 3C1.1 applies. *See, e.g., United States v. Frank*, 354 F.3d 910, 924 (8th Cir. 2004); *United States v. Edwards*, 303 F.3d 606, 646 (5th Cir. 2002); *United States v. Crisci*, 273 F.3d 235, 240 (2d Cir. 2001); *see also United States v. Mathis*, 186 F. App'x 971, 979 (11th Cir. 2006) (collecting cases). We see no reason to depart from this approach, especially in a case where, as here, Davist did not challenge his underlying guilty plea for false statements. Had he done so and been successful, that might call into question the viability of the § 3C1.1 enhancement, but such a challenge is not before us today.

---

[1]The offense level of 17 was supported by the underlying offenses alone, i.e., the false claims and conspiracy counts. Indeed, Davist does not argue that this case involves double-counting (whereby the obstruction charge is alleged to have contributed both to the base offense level and to the enhancement).

In overruling Davist's objection to the Pre-Sentence Report, an objection which included similar arguments to those now presented as to why the § 3C1.1 enhancement was improper, the district court made no mention of the cases (or rationale) we now rely on. *See* D. Ct. Op., 1/11/2006, at 4. This is not entirely surprising, because the government did not marshal the above argument in its sentencing memorandum submitted to the district court. Nevertheless, "we may affirm on any grounds supported by the record, even though different from the grounds relied on by the district court." *United States v. Allen*, 106 F.3d 695, 700 n.4 (6th Cir. 1997); *accord United States v. Robertson*, 260 F.3d 500, 503 (6th Cir. 2001).

## III

For the above reasons, we affirm the sentence imposed by the district court.