NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0649n.06

No. 10-3828

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Sep 01, 2011*

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,          )
                                   )
        Plaintiff-Appellee,        )
                                   )
                                   )   ON  APPEAL  FROM  THE  UNITED
v.                                 )   STATES  DISTRICT  COURT  FOR  THE
                                   )   SOUTHERN DISTRICT OF OHIO
MARKEITH E. TURNER,                )
                                   )
        Defendant-Appellant.       )


Before: GUY, SUTTON and GRIFFIN, Circuit Judges.


SUTTON, Circuit Judge.  This is Markeith Turner's second trip to our court arising from

several criminal convictions.  On his first visit, we reversed his convictions on two counts due to

violations of the Speedy Trial Act, affirmed his convictions on the five remaining counts and

remanded to the district court for resentencing.  On his second visit, Turner challenges the district

court's denial of his motion to dismiss the five remaining counts of conviction.  Because the district

court correctly concluded that Turner's motion exceeds the scope of our limited remand and because

Turner at any rate waived this argument, we affirm.


In 2005, the United States charged Turner with being a felon in possession of a firearm and

being a felon in possession of ammunition.  A grand jury indicted Turner on the two felon-in-

possession counts and eight others.  The jury found Turner guilty on nine of the ten counts.  After

dismissing two of the counts of conviction for insufficient evidence, the district court imposed a sentence of 382 months.

On appeal, we reversed Turner's conviction on the two felon-in-possession counts charged in the complaint because the delay between Turner's arrest on those charges and his indictment violated the Speedy Trial Act. *United States v. Turner*, 602 F.3d 778, 786 (6th Cir. 2010). We affirmed Turner's convictions on the remaining five counts because "a speedy indictment violation requires dismissal only of the offenses charged in the original complaint," not those contained solely in a subsequent indictment. *Id*. We remanded Turner's case to the district court for resentencing. *Id*. at 788. There, Turner filed a motion to dismiss the five remaining counts under a new theory: that these counts merely "gild[ed]" the two dismissed counts and thus also had to be dismissed under the Speedy Trial Act. R. 114. The district court denied Turner's motion and resentenced him to 382 months.

II.

Our remand to the district court contained the following mandate:

> (1) [W]e reverse Turner's convictions for being a felon in possession of a firearm and a felon in possession of ammunition; (2) we remand to the district court to determine whether to dismiss those charges with or without prejudice; (3) we affirm Turner's five other convictions; and (4) we vacate Turner's sentence and remand for resentencing.

*Turner*, 602 F.3d at 788. This limited mandate allowed the district court to do two, and only two, things on remand: to determine whether the dismissal of the first two counts should be with or without prejudice and to resentence Turner on the five remaining counts. *See United States v. Moore*, 131 F.3d 595, 598 (6th Cir. 1997). Nothing about this order permitted the court to examine—in truth re-examine—the validity of Turner's convictions on the five remaining counts. We explicitly affirmed those convictions because the speedy indictment violation required dismissal only of the two counts charged in the complaint, not the charges contained only in the indictment. *Turner*, 602 F.3d at 786. This holding became "the law of the case," and the district court could not "vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error." *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255 (1895); *see United States v. Haynes*, 468 F.3d 422, 426 (6th Cir. 2006).

That we have said district courts must "implement both the letter and spirit of the mandate and take into account the circumstances it embraces," *Haynes*, 468 F.3d at 425, adds nothing to Turner's argument. The "spirit" of a mandate, as with the spirit of a law, is most clearly determined by examining the language of the mandate. Not even the broadest, most liberal reading of the word "affirm" would allow the district court to re-examine whether the remaining five counts of conviction should be dismissed on Speedy Trial Act grounds.

Turner persists that we should reconsider our prior decision because it was clearly wrong and would lead to a great injustice. But that is what the reconsideration process is for, *see* Fed. R. App. P. 40, and Turner did not invoke it earlier. Nor at any rate did Turner make these arguments—that

the remaining five counts should be dismissed on Speedy Trial Act grounds because they merely "gild[ed]" the two dismissed counts and that his convictions violated his Sixth Amendment right to a speedy trial—before, whether in the rehearing process or in the original district court or appellate court proceedings. Turner raised the gilding argument for the first time before the district court on resentencing, and his Sixth Amendment argument makes its debut in Turner's brief on this second appeal. Because Turner could have raised these arguments during his first appeal but failed to do so, "he waived his right to raise [them] before the district court on remand or before this court on appeal after remand." *United States v. Adesida*, 129 F.3d 846, 849–50 (6th Cir. 1998).

III.

For these reasons, we affirm.