**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 11a0759n.06

No. 10-3534

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Nov 09, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| JOVAN SHEREE CARTER, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

Before:  MARTIN and GIBBONS, Circuit Judges; STEEH, District Judge.[*]

BOYCE F. MARTIN, JR., Circuit Judge.  Jovan Sheree Carter appeals the sentence imposed by the district court after it vacated his original sentence pursuant to 28 U.S.C. § 2255.  For the reasons that follow, we affirm Carter's sentence.

In 2006, Carter pleaded guilty to possession with intent to distribute in excess of fifty grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1).  When Carter failed to appear for sentencing, the district court issued a warrant for his arrest, and he was apprehended nearly fifteen months later.  The district court determined that an enhanced mandatory minimum sentence applied to the drug count based on Carter's prior state drug conviction, *see* 21 U.S.C. § 841(b)(1)(A), and sentenced him to concurrent terms of 240 months of imprisonment on both counts.  Carter appealed, challenging the application

---

[*] The Honorable George Caram Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

of the enhanced mandatory minimum sentence, and we affirmed. *See United States v. Carter*, 325 F. App'x 404 (6th Cir. 2009).

Carter subsequently moved to vacate his prior state convictions for possession of cocaine, failure to comply with a signal or order of a police officer, and driving under suspension. The state trial court granted Carter's motion based on its failure to notify him about post-release control at the sentencing hearing and, because he had completed his sentence, vacated his convictions rather than ordering resentencing. Carter then returned to the district court and moved for relief under § 2255. The district court granted the motion and ordered resentencing because Carter's sentence on the drug count had been enhanced by the now-vacated state drug conviction, and the vacation of his state convictions affected his criminal history category and, in turn, the applicable guideline range.

On resentencing, the district court increased Carter's offense level by two levels for obstruction of justice pursuant to USSG § 3C1.1 and denied a two-level decrease for acceptance of responsibility under USSG § 3E1.1. Carter's total offense level of thirty-four and criminal history category of III resulted in a guideline range of 188 to 235 months of imprisonment. The district court sentenced Carter to concurrent terms of imprisonment of 188 months on the drug count and 120 months, the statutory maximum, on the firearm count.

This appeal followed. Carter asserts that his sentence is procedurally and substantively unreasonable because the district court 1) failed to explain its rationale for imposing the statutory maximum sentence on the firearm count, 2) improperly considered the underlying facts of the now-vacated state drug conviction, 3) failed to consider his post-sentence rehabilitation, 4) erred in calculating his offense level, and 5) improperly calculated his criminal history score. Carter further challenges his sentence as unconstitutional, arguing that he should be sentenced under the Fair Sentencing Act of 2010 (FSA) and the recently amended sentencing guidelines.

We review the district court's sentencing determination for procedural and substantive reasonableness under a deferential abuse-of-discretion standard. *United States v. Battaglia*, 624 F.3d 348, 350 (6th Cir. 2010). We "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). "A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008). We apply a rebuttable presumption of substantive reasonableness to Carter's within-guideline sentence. *See United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007).

Carter first contends that the district court failed to adequately explain the basis for imposing the statutory maximum sentence of 120 months imprisonment for the firearm count. Where, as here, the statutory mandatory sentence falls below the guideline range, the statutory maximum sentence is the guideline sentence. USSG § 5G1.1(a). The district court did not abuse its discretion in failing to explain its rationale for imposing the statutory maximum on the firearm count – the guideline sentence – given that Carter did not present any arguments in favor of a sentence below the statutory maximum of 120 months. *See Rita v. United States*, 551 U.S. 338, 357 (2007) ("Unless a party contests the Guidelines sentence generally under § 3553(a) . . . , the judge normally need say no more."). Carter also asserts that his firearm conviction and statutory maximum sentence should be vacated because the felonies underlying the firearm conviction have been vacated. However, because "[t]he defendant's status on the date of the offense controls whether the felon in possession

laws have been violated," *United States v. Olender*, 338 F.3d 629, 636 (6th Cir. 2003), the fact that the predicate felony was subsequently invalidated "is irrelevant," *United States v. Settle*, 394 F.3d 422, 431 (6th Cir.), *vacated on other grounds*, 545 U.S. 1102 (2005).

Next, Carter argues that the district court improperly considered the underlying facts of the now-vacated state drug conviction in sentencing him. The district court noted that it could not consider the vacated conviction "for enhancement purposes" but could consider the conduct in determining whether to grant a variance from the guideline range. Carter acknowledges that the district court may consider uncharged or acquitted criminal conduct at sentencing but contends that the government failed to prove such conduct by a preponderance of the evidence. *See United States v. White*, 551 F.3d 381, 385-86 (6th Cir. 2008). The government submitted to the district court the police report detailing the conduct underlying Carter's state drug conviction, which included the possession of cash and crack cocaine in amounts consistent with dealing drugs. In addition, according to the presentence report, Carter advised the probation officer that he had supported himself since the age of fourteen by dealing drugs. We conclude that there was sufficient evidence to support the district court's consideration of Carter's past drug dealing.

Carter's next argument – that the district court failed to consider his post-sentence rehabilitation – is belied by the record. The Supreme Court recently held that courts "may consider evidence of a defendant's rehabilitation since his prior sentencing and that such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range." *See Pepper v. United States*, 131 S. Ct. 1229, 1241 (2011). At resentencing, both Carter and his counsel presented evidence of Carter's rehabilitation efforts. The district court expressly considered that evidence and Carter's other arguments in support of a downward variance from the guideline range but concluded that a variance was not warranted:

> I look at all of those factors, and it is this Court's position that a variance based on the 100 to one ratio is not in order because of the aggravating circumstances. This Court further finds that the family history argument, the lack of violent past argument, and the post sentencing rehabilitation efforts argument, simply are not of such a degree that a variance is warranted.

Carter's disagreement with the weight accorded by the district court to his post-sentence rehabilitation efforts does not render his sentence unreasonable. *See United States v. Madden*, 515 F.3d 601, 613 (6th Cir. 2008).

Carter also argues that the district court erred by applying a two-level enhancement for obstruction of justice and denying a reduction for acceptance of responsibility. "We review for clear error a district court's factual findings underlying its decision to impose an obstruction-of-justice enhancement under § 3C1.1. Conclusions as to what facts constitute obstruction of justice are then reviewed de novo." *United States v. Davist*, 481 F.3d 425, 427 (6th Cir. 2007) (citation omitted). Although Carter asserted that he was in contact with his attorney, who was hospitalized during much of the relevant time period, and was under the impression that his sentencing hearing had been postponed, his attorney informed the district court that he had repeatedly advised Carter to self-surrender. The district court did not clearly err by determining that Carter was not credible on this issue, and it properly concluded that the enhancement was warranted based on Carter's willful failure to appear at sentencing and his subsequent decision to remain at large on an outstanding arrest warrant for over a year. *See* USSG § 3C1.1, comment. (n.4(E)); *United States v. Dunham*, 295 F.3d 605, 609 (6th Cir. 2002).

A defendant who receives an enhancement for obstruction of justice may receive a reduction for acceptance of responsibility only in "extraordinary cases." USSG § 3E1.1, comment. (n.4); *see United States v. Jeross*, 521 F.3d 562, 581 (6th Cir. 2008). "The defendant has the burden of

proving the extraordinary nature of his or her case where obstruction of justice has occurred." *Id*. Based on the facts cited above – in particular Carter's failure to heed his counsel's advice to self-surrender – Carter has "failed to meet the exacting standard" required to demonstrate entitlement to a reduction for acceptance of responsibility after having obstructed justice. *See id.* (internal quotation marks omitted).

Carter next challenges the assessment of criminal history points for two prior misdemeanors, asserting that these convictions should not have been counted because he was not represented by counsel. *See Nichols v. United States*, 511 U.S. 738, 746-47 (1994). Because Carter did not raise this objection before the district court, our review is for plain error. *See Jeross*, 521 F.3d at 585. In calculating a defendant's criminal history score, the district court may apply a "presumption of regularity to state court proceedings, even as to the waiver of counsel." *United States v. Cline*, 362 F.3d 343, 351 (6th Cir. 2004) (holding that the district court properly relied upon the presumption of regularity to determine that the defendant was either represented by counsel or waived his right to counsel as to his state misdemeanor convictions). Carter offered no proof before the district court to rebut this presumption. Under these circumstances, the district court did not plainly err by assessing criminal history points for these misdemeanor convictions. *See id.*; *United States v. Tucker*, 48 F. App'x 131, 132 (6th Cir. 2002) (concluding that the district court properly applied presumption of regularity to defendant's state misdemeanor conviction).

Finally, Carter argues that his sentence is unconstitutional in light of the FSA, which took effect after he was sentenced, and seeks resentencing under the FSA and the amended sentencing guidelines incorporating the statute's crack-to-powder cocaine ratio. We have held that the FSA does not apply retroactively to cases on direct appeal. *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010), *cert. denied*, 131 S. Ct. 1706 (2011). Despite Carter's arguments to the contrary,

we are bound by that decision. *See United States v. Wynn*, 579 F.3d 567, 576 (6th Cir. 2009).

Further, the district court properly sentenced Carter under the guidelines in effect at the time of the

sentencing hearing. *See* 18 U.S.C. § 3553(a)(4)(A)(ii). The Sentencing Commission has not yet

issued new permanent guidelines implementing the FSA or determined whether the amendments will

apply retroactively. Should those changes take effect as scheduled on November 1, 2011, Carter may

seek relief under 18 U.S.C. § 3582(c)(2).

For these reasons, we affirm the district court's judgment.