File Name: 13a0747n.06

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 12-1745

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Aug 12, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff - Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| THOMAS A. CENSKE, | ) | |
| | ) | |
| Defendant - Appellant. | ) | |
| | ) | |

BEFORE:  GILMAN, GRIFFIN, and WHITE, Circuit Judges.

**HELENE N. WHITE, Circuit Judge.**   Thomas Censke appeals as procedurally unreasonable the 120-month sentence the district court imposed on resentencing after remand.  We AFFIRM.

**I.**

By superseding indictment, Censke was charged with four counts of mailing threatening communications to different persons in 2003, 2006, and 2008, in violation of 18 U.S.C. § 876(c). Following a court-ordered psychiatric/psychological competency examination, Censke was found competent to stand trial.  Censke represented himself with standby counsel at his July 2009 trial. The jury convicted him as charged and the district court imposed a 120-month sentence, above the 70- to 87-month Guidelines range.  On appeal, a panel of this court affirmed his convictions but vacated the sentence as violative of *Tapia v. United States*, 131 S. Ct. 2382 (2011) (holding that the

Sentencing Reform Act precludes a sentencing court from imposing or lengthening a prison term in order to foster or promote a defendant's rehabilitation). *United States v. Censke*, 449 F. App'x 456, 458 (6th Cir. 2011).

Following this court's remand, counsel was appointed and represented Censke at the May 2012 resentencing. Appointed counsel filed two motions—for a psychiatric exam and an updated Presentence Report (PSR)—as well as a sentencing memorandum that argued for a within-Guidelines sentence. The district court heard argument on the motions at the resentencing, denied them, and again sentenced Censke to 120 months' imprisonment.

## II.

Censke argues that his sentence is procedurally unreasonable because the central issue at resentencing was his dangerousness and the need to protect the public, and the district court's denial of his motions for an updated psychological evaluation and PSR precluded him from presenting information highly relevant to that issue, i.e., his post-sentence rehabilitation.

## A.

This court reviews sentences for reasonableness under an abuse of discretion standard. *United States v. Wendlandt*, 714 F.3d 388, 393 (6th Cir. 2013). "A sentence is procedurally inadequate if the district court fails to calculate properly the Guidelines range, treats the Guidelines as mandatory, fails to consider the section 3553(a) factors, selects the sentence based upon clearly erroneous facts, or fails to adequately explain the chosen sentence." *United States v. Harmon*, 607 F.32 233, 238 (6th Cir. 2010) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)).

Between Censke's original sentencing and resentencing, the Supreme Court resolved a circuit split and held that, when an appellate court sets aside a defendant's sentence, a district court at resentencing may consider evidence of the defendant's post-sentencing rehabilitation "and such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range." *Pepper v. United States*, 131 S. Ct. 1229, 1249 (2011). The Court observed that evidence of post-sentencing rehabilitation may be highly relevant to § 3553(a) factors such as the defendant's history and characteristics, § 3553(a)(1); may be pertinent to the need for the sentence imposed to serve the general purposes of sentencing, in particular to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant, § 3553(a)(2)(B)-(D); and may also critically inform a sentencing court's overarching duty to impose a sentence sufficient, but not greater than necessary, to comply with the sentencing purposes of § 3553(a)(2). *Id*. at 1241–42.

**B.**

In the instant case, the district court considered the post-sentencing rehabilitation evidence Censke submitted with his (re)sentencing memorandum and addendum, which included a BOP psychological assessment performed by Chief Psychologist Dr. Rhinehart in August 2010, additional reports dated September and November 2010, and certificates of completion of courses Censke took in 2010 and 2011. Censke's sentencing memorandum summarized his background and accomplishments, noted that these "were not fully known to the Court at the time of the original sentencing," and set forth his "future plans and goals upon release from prison." The most recent report of Dr. Rhinehart submitted with Censke's sentencing memorandum was dated November 1, 2010, and stated in part:

3

> The inmate has a severe personality disorder, with both cluster B features, narcissistic, sadistic, borderline and histrionic.
>
> He did have PTSD [post-traumatic stress disorder] at age 7 or 8, when his mother and he were held hostage, and his mother was sexually assaulted.
>
> Over the years he has had a number of forensic evaluations in the BOP. Some have diagnosed him as having a Bipolar Disorder, Type 1, with manic features. Others have not seen him as having a Bipolar Disorder . . . .
> . . .
> He is care level 2-MH and is being referred to a care level 2 facility as he does require frequent contacts by myself.
>
> The inmate shows no evidence of psychosis. He does appear to exaggerate his symptoms in order to "poke" the criminal justice symptoms [*sic*] as well as to obtain the attention and admiration of others.

PID 1684.

## C.

The Government opposed Censke's motions for a mental evaluation and updated PSR, asserting that the original PSR documented Censke's behavioral problems while in custody before the original sentencing and that reports recently received from a Deputy U.S. Marshal (who was present at the resentencing) discussed Censke's behavior while housed in the Chippewa County Jail (CCJ) awaiting resentencing.

The Government called the Deputy U.S. Marshal, who testified that an officer at CCJ had called him and asked that Censke be removed from the facility because of bad behavior. The Deputy U.S. Marshal testified that CCJ reports stated that on April 26, 2012, Censke flushed his prison jumpsuit down his cell toilet and flooded the surrounding cells. Reports dated the following day stated that Censke "began urinating in his cell, not in the toilet but on the walls and on the floor,"

was viewed "kicking his cell door, trying to pull his sink off the wall, and actually jumping up and down on the sink in his cell, trying to break that." PID 1751-52.

Following the U.S. Marshal's testimony, the Government argued that the original PSR documented "exactly the same kind of behavior," and "it doesn't look like anything has changed at all." PID 1753. Appointed counsel disagreed, stating that the recent misconduct was more anti-authoritarian than threatening or violent, to which the court responded that the CCJ reports stated that Censke threatened that he could injure an officer or inmate given the opportunity, and "made the action of a stab wound to the neck." PID 1754.

> The district court denied the motion for an updated mental evaluation, stating:
>
> I have a pre-sentence report. In addition to that, of course, this Court has sat through and presided at the trial of Mr. Censke and heard all of the evidence that was presented at that trial . . . . So my ruling on this motion for a psychiatric or psychological exam at this time is that the defendant speculates that the main reason for the defendant's sentence was my concern about recidivism, due to the defendant's mental status, and the defendant seeks a new mental exam which he thinks would demonstrate that he is now in better mental shape than he was when he was sentenced a couple of years ago.
> . . .
> I don't think a new mental exam for the defendant here is warranted. It is evident that he has not changed . . . . He still is proving himself to be a difficult prisoner. He, as we have heard here, had to be removed from the Chippewa County Jail, transported to a federal FBP Milan, Michigan. This is a continuation of his acting up in custody prior to his being on trial here the last time. Nothing has changed. And whether or not his mental state has improved, his conduct surely hasn't, and so I perceive him to still be the same threat to public safety as he was before, when I originally sentenced him. So, therefore, the motion for psychological exam . . . is denied.

PID 1756-57. The court also denied Censke's motion for an updated PSR after noting that it had reviewed the documents Censke submitted with his sentencing memorandum:

> I think that this Court has a comprehensive pre-sentence report. I don't think that I need another one. And I don't think that another one would provide any . . . useful information that would be anything different from what I already have in the original report. And, of course, as I said before, I sat through the trial so I am also familiar with the facts in the case. And so I am going to respectfully deny that motion . . .

PID 1758. Censke allocuted at some length but only briefly alluded to his post-sentencing rehabilitation.

**D.**

The district court was permitted to and did, in fact, review the post-sentence rehabilitation evidence that Censke submitted with his sentencing memorandum and addendum, i.e., his documented coursework and Dr. Rhinehart's psychological reports from 2010. *See Pepper*, 131 S. Ct. at 1241–42; *United States v. Carter*, 444 F. App'x 862, 864–65 (6th Cir. 2011),

Counsel conceded at the resentencing that the district court was not *obligated* to order an updated PSR under either Fed. R. Crim. P. 32(c) or 18 U.S.C. § 3552(a), but that "it would seem reasonable that the Court would want an updated report." PID 1755. Censke cites no authority to support that the denial of his motion for an updated PSR constituted procedural error.

Nor was the district court required to order an updated mental evaluation. *See* 18 U.S.C. § 3552(c) (if, after receipt of a PSR or psychiatric or psychological report, the district court "desires more information than is otherwise available to it," "the court may order the same psychiatric or psychological examination and report thereon").

There is also no merit to Censke's argument that, by denying his motions for an updated mental status evaluation and PSR, the district court violated 18 U.S.C. § 3661. Section 3661

provides that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court . . . may receive and consider for the purpose of imposing an appropriate sentence." The statute does not affirmatively obligate a sentencing court to request updated mental evaluations or PSRs.

**E.**

The district court concluded that an above-Guidelines sentence was needed to protect the victims of Censke's crimes and the public, citing Censke's history of instability, his numerous threats, and his continued denial of wrongdoing. The court summarized the threats Censke made that led to his convictions, which included death threats to public officials and others, recounted the fears the victims expressed, and observed that during Censke's 2 ½ years in prison he remained a problem. The district court did not abuse its discretion by denying either of Censke's motions and those rulings did not render the sentence procedurally unreasonable. For these reasons, we AFFIRM the 120-month sentence imposed at Censke's resentencing.