NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0662n.06

Case No. 16-1203

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Dec 09, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| Plaintiff-Appellee, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| v. | ) | |
| | ) | |
| JASON PAUL ARNOLD, | ) | O P I N I O N |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: McKEAGUE, KETHLEDGE, and STRANCH, Circuit Judges.

PER CURIAM. Jason Arnold was convicted under 18 U.S.C. § 922(g)(1) for being a felon in possession of a firearm and sentenced to 60 months in prison, a nine-month upward variance from the upper end of the advisory Guidelines range. A different panel of this court affirmed Arnold's conviction, but vacated his sentence and remanded for resentencing, finding that the district court had erroneously lengthened his prison sentence in part to ensure he received effective mental health treatment. *See United States v. Arnold* (*Arnold I*), 630 F. App'x 432, 433 (6th Cir. 2015). At resentencing, the district court imposed the same 60-month sentence, this time rooted in the need to protect the public, punish Arnold for his dangerous behavior, and deter him from adding to an already long list of criminal convictions. Arnold once again appeals, arguing solely that the district court violated "the letter and spirit" of the *Arnold I*

mandate, which he believes required the district court to eliminate or reduce the upward variance of his sentence. We affirm.

On remand, district courts are bound by the scope of the mandate ordered on appeal, and we review a district court's interpretation of that mandate de novo, "taking into account the letter and spirit of the mandate." *Carter v. Mitchell*, 829 F.3d 455, 463 (6th Cir. 2016) (quoting *United States v. Brika*, 487 F.3d 450, 456 (6th Cir. 2007)). The "spirit" of a mandate is most clearly determined by examining the language of the mandate itself, *see United States v. Turner*, 436 F. App'x 599, 600 (6th Cir. 2011), and remands for "resentencing" are general remands, which "effectively wipe[] the slate clean" and allow district courts to "redo the entire sentencing process," *United States v. McFalls*, 675 F.3d 599, 606 (6th Cir. 2012). The only requirement is that a district court "must remain consistent with the remand." *McFalls*, 675 F.3d at 606.

Because the "letter" of the *Arnold I* ruling "VACAT[ING] Arnold's sentence, and REMAND[ING] this case for resentencing," constituted a general remand, the district court was free to sentence Arnold anew. *Arnold I*, 630 F. App'x at 438. This included the authority to re-impose a sentence of identical length if it found alternative, permissible reasons for doing so. *See, e.g., United States v. Obi*, 542 F.3d 148, 155–56 (6th Cir. 2008) (upholding the same 300-month sentence following a general remand because the district court provided a different justification for the above-Guidelines sentence: Obi's "egregious conduct on the night of the crime"); *United States v. Censke*, 534 F. App'x 382, 386 (6th Cir. 2013) (affirming resentence of same length since it was based on a need to protect prior victims and the public given defendant's "history of instability, his numerous threats, and his continued denial of wrongdoing"). Further, there was nothing in the "spirit" of *Arnold I* that required a reduction of

Arnold's sentence; the only requirement was that it not be "driven by Arnold's need for mental health treatment while incarcerated . . . ." *See Arnold I,* 630 F. App'x at 437.

The district court adequately addressed the *Arnold I* panel's concerns by explaining that Arnold's sentence was premised on the need for "just punishment," "to afford a deterrence to continued conduct," and "to protect the public," all proper sentencing considerations. In fact, the *Arnold I* panel explicitly stated that it was not error for the district court to "extend[] Arnold's sentence on the grounds that his anger at the time of his arrest posed a potential future threat to public safety." 630 F. App'x at 437. And that is exactly what the court did. Even Arnold acknowledges that the court "attributed the 9-month variance entirely to the statutory objective of protecting the public," an expressly permitted purpose under 18 U.S.C. § 3553(a)(2)(C). *See* Plaintiff Br. at 6. Because the *Arnold I* general remand provided the district court with this discretion, there is no mandate rule violation.

To the extent the district court did discuss Arnold's mental state at resentencing, it did so in a way that did not run afoul of *Tapia v. United States*, 564 U.S. 319 (2011) or *United States v. Moses*, 106 F.3d 1273 (6th Cir. 1997), two cases upon which the *Arnold I* mandate was predicated. Unlike in *Tapia*, where the defendant's sentence was fixed to ensure her participation in a specific drug treatment program, Arnold's new sentence was not based on rehabilitative concerns at all. *See Tapia*, 564 U.S. at 335. Here the district court made clear that Arnold's sentence was "a commitment for criminal behavior" and merely recommended that Arnold be placed in a facility where he could receive treatment, a move expressly endorsed, rather than prohibited, by *Tapia*. *See id.* at 334 (noting that it is "very right" for a court to "discuss[] the opportunities for rehabilitation within prison").

*Moses*, too, is inapposite. There, the district court used an upward departure as a proxy for continued mental health commitment. *Moses*, 106 F.3d at 1275. But as this court found—and the *Arnold I* panel emphasized—even if a person's mental illness results in violent behavior that creates a danger to the community, it is civil commitment, not a longer sentence, that is the appropriate course. *Arnold I*, 630 F. App'x at 438 (citing *Moses*, 106 F.3d at 1280–81). Unlike Moses, though, Arnold was not being held in a mental health facility pending sentencing nor was he rendered incompetent by any mental illness. At resentencing, the district court did not attribute Arnold's dangerousness to a perceived mental illness that somehow justified a longer sentence. Instead, the district court grounded the upward variance in the "nature and circumstances" of the offense and Arnold's "history and characteristics," factors rightly considered when imposing a sentence. *See* 18 U.S.C. § 3553(a)(1). Arnold's purchase of a high-powered rifle and scope on the heels of Child Protective Services' removal of his kids from his custody created what the district court described as a "dangerous situation," heightened by Arnold's manifest fixation on "revenge," "lack of respect for [the] law," and "highly volatile" personality.

Lastly, to the extent the court discussed U.S.S.G. § 5H1.3 (Mental and Emotional Conditions) and § 5K2.0 (Aggravating Circumstances), we note that both of these provisions may be taken into account when relevant to calculating a sentence or condition of supervised release. It suffices to say that the mandate rule does not prohibit a district court from considering all applicable sentencing factors following a general remand. *See, e.g., United States v. Campbell*, 168 F.3d 263, 268 (6th Cir. 1999) (recognizing that de novo resentencing is favored since calculation of a sentence under the Guidelines is complex and involves many interrelated and dependent variables).

A prior panel of this court mandated that Arnold be resentenced without account for his need for mental health treatment. The district court abided by that mandate and resentenced him on the basis of appropriate penological concerns. We therefore **AFFIRM** Arnold's sentence.