**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Terrence WATKINS, Defendant–
Appellant.**

**No. 02–4174.**

United States Court of Appeals,
Sixth Circuit.

Feb. 6, 2004.

Terry Lehmann, Asst. U.S. Attorney, Amul R. Thapar, Cincinnati, OH, for Plaintiff-Appellee.

Richard W. Smith-Monahan, Cincinnati, OH, for Defendant-Appellant.

Before KENNEDY, DAUGHTREY, and COLE, Circuit Judges.

## OPINION

COLE, Circuit Judge.

Defendant–Appellant Terrence Watkins appeals the sentence imposed by the district court following his guilty plea for one count of bank fraud in violation of 18 U.S.C. § 1344. When Watkins did not appear for his sentencing on October 10, 2002, the district judge found him "voluntarily absent" and sentenced him *in absentia* pursuant to Fed.R.Crim.P. 43(c). In addition, pursuant to the U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 3C1.1 (2001), the district judge increased Watkins's offense level by two levels on grounds that Watkins absconded from pre-sentencing supervision, violated the terms of his pre-sentencing release by testing positive for the use of narcotics, and voluntarily failed to appear for sentencing. For similar reasons, the district judge also denied Watkins a two-level sentencing reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.

On appeal, Watkins contends that the district court clearly erred in finding him "voluntarily absent" from the sentencing hearing and sentencing him *in absentia.* Watkins also contends that the district court erred in granting him a two-level sentencing enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1 and in denying him a two-level sentencing reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. For the reasons stated below, we affirm the sentence imposed by the district court.

## I. BACKGROUND

On May 28, 2002, the United States filed a criminal complaint against Watkins charging him with bank fraud, in violation of 18 U.S.C. § 1344. On May 29, 2002, Watkins was present in court for an initial appearance on the charges. At that time, the district court released Watkins on a $10,000 unsecured bond. Among the conditions of his pretrial release, Watkins was ordered to report regularly to pretrial services, submit to drug testing, and not use any controlled substances.

On June 5, 2002, Watkins was indicted by a federal grand jury on seven counts of bank fraud. On July 12, 2002, pursuant to a plea agreement with the Government, Watkins pleaded guilty to one count of the indictment; the other counts against him were dismissed. At the plea hearing, the district court continued Watkins's bonded release pursuant to the terms originally imposed on May 29, 2002. In addition, the district court ordered Watkins to appear for sentencing, noting: "If you fail to appear for sentencing, that can be an entirely new separate federal felony violation." *See* 18 U.S.C. § 3146.

On August 5, 2002, the pretrial services officer assigned to Watkins's case filed a petition with the district court to revoke Watkins's bond and issue a warrant for his arrest because he had violated several conditions of his release. Specifically, Watkins's drug screening of July 25, 2002 tested positive for marijuana and cocaine use and he then failed to report to pretrial services on July 29, 2002 and August 5, 2002, as ordered. The district court issued a warrant for Watkins's arrest on August 6, 2002, and revoked his bond on September 19, 2002. On September 20, 2002, the court scheduled Watkins's sentencing hearing for October 10, 2002, at 9:30 a.m. Watkins, however, remained at-large from the time the arrest warrant was issued in August through the afternoon of his sentencing on October 10.

### 1. *The Sentencing Hearing*

On October 10, 2002, the district court convened Watkins's sentencing hearing at

9:30 a.m., as scheduled. Watkins was not present in court at 9:30 a.m., but his counsel stated on the record that he had spoken with Watkins at 8:45 a.m. and that Watkins stated that he was on his way downtown to the courthouse but was delayed by car problems. Defendant's counsel also stated that when he spoke with Watkins the previous day, Watkins assured him that he would attend the sentencing hearing.

Accordingly, the district court agreed to adjourn the hearing for one hour to give Watkins the opportunity to arrive. After one hour and ten minutes, however, at 10:40 a.m., the court reconvened and Watkins was still not present. Having determined pursuant to Fed.R.Crim.P. 43(c)(1)(B) that Watkins was "voluntarily absent" from the sentencing hearing, the district judge sentenced him *in absentia,* over the objection of his counsel. In addition, the court enhanced Watkins's offense level by two levels for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, based on Watkins's absconding from pre-trial supervision and his willful failure to appear as ordered for his sentencing. The district court also denied Watkins a two-level sentencing reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 because he had absconded from and violated terms of his release and failed to appear for sentencing.

Watkins's total base offense level was 23, corresponding to a Guideline range of 46–57 months' imprisonment. The district judge sentenced Watkins to 57 months' imprisonment and four years of supervised release, and ordered him to pay $18,118.26 in restitution and a $100 special assessment fee.

### 2. *After the Sentencing Hearing*

At 12:40 p.m. on October 10, 2002, the sentencing date, Watkins appeared at the office of his counsel and turned himself into the U.S. Marshals Service. Watkins filed a timely motion for reconsideration in the district court. But in a comprehensive order dated October 28, 2002, the court denied that motion.

## II. DISCUSSION

### 1. *Sentencing Watkins* in Absentia

■ We will vacate a sentence imposed on a defendant *in absentia* where the district court's conclusion that the defendant was "voluntarily absent" is clearly erroneous. Fed.R.Crim.P. 43(c)(1)(B) provides that: "A defendant who was initially present at trial, or who had pleaded guilty ... waives the right to be present ... when the defendant is voluntarily absent during sentencing." Watkins contends that his absence from sentencing was not voluntary because he had car problems.

As the district court properly noted in its order denying Watkins's motion for reconsideration, "[s]tanding alone, absence from sentencing due to a car problem is probably not sufficient to find that the defendant's absence is voluntary." *See, e.g., United States v. Mackey,* 915 F.2d 69 (2d Cir.1990). Here, however, the district court found Watkins "voluntarily absent" based on his pattern of evading legal supervision and arrest. Pursuant to the terms of his release prior to sentencing, Watkins was required to report to pretrial services on a routine basis, submit to drug testing, and not use controlled substances. But he twice failed to report, as ordered, to pre-trial services, after which the district court issued a warrant for his arrest and revoked his bond. Watkins then remained at-large on the outstanding arrest warrant for three months, until the afternoon of his sentencing. In addition, Watkins violated the terms of his release by using controlled substances.

Given that Watkins was a fugitive up until the moment he surrendered, we find it reasonable that the district judge was leery of his excuse of car problems, particularly since Watkins proffered no evidence or sworn affidavit supporting that excuse. Despite Watkins's guilty plea and his surrender to the U.S. Marshals Service on the afternoon of October 10, 2002—actions fairly characterized as cooperative—the district judge did not clearly err by considering those acts overshadowed by Watkins's pattern of evasion from legal supervision and his decision to remain at-large on an outstanding arrest warrant for over three months. Accordingly, the district court's finding that Watkins was voluntarily absent from his sentencing was not clearly erroneous.

## 2. *U.S.S.G. § 3C1.1 Obstruction of Justice Enhancement*

Watkins next contends that the district court erred by increasing his base offense level by two levels for obstruction of justice pursuant to U.S.S.G. § 3C1.1. This Court will overturn a district court's sentencing decisions pertaining to the obstruction of justice enhancement only if they are clearly erroneous. *United States v. Jackson–Randolph*, 282 F.3d 369, 390 (6th Cir.2002).

Application Note 4 of U.S.S.G. § 3C1.1, which contains a "non-exhaustive list of examples of the types of conduct to which" the obstruction of justice enhancement applies, instructs that the enhancement is appropriate when the defendant has "escap[ed] or attempt[ed] to escape from custody before trial or sentencing" or when the defendant has "willfully fail[ed] to appear, as ordered, for a judicial proceeding." U.S.S.G. § 3C1.1, cmt. n. 4.

█ For the same reasons it was not clearly erroneous for the district court to find Watkins "voluntarily absent" from sentencing pursuant to Fed.R.Crim.P.

43(c), it was not clearly erroneous for the district judge to find pursuant to U.S.S.G. § 3C1.1 that Watkins "willfully fail[ed] to appear" for sentencing. The obstruction of justice enhancement is also applicable because Watkins "escap[ed] or attempt[ed] to escape from custody before ... sentencing." U.S.S.G. § 3C1.1, cmt. n. 4(e). As previously discussed, Watkins absconded from court-ordered pretrial supervision after testing positive for marijuana and cocaine use, and he remained at-large on an outstanding arrest warrant from August 6, 2002 through October 10, 2002. This Court considers such evasion the equivalent of an "escape from custody" before sentencing, within the meaning of U.S.S.G. § 3C1.1, cmt. n. 4(e). *See United States v. Perry*, 908 F.2d 56, 59 (6th Cir.1990) (obstruction of justice enhancement appropriate where defendant jumped bond and failed to report to probation officer when ordered to do so); *see also United States v. Thomas*, 72 F.3d 92, 93–94 (8th Cir. 1995) (obstruction of justice enhancement appropriate where defendant used marijuana while on bond and absconded from pretrial supervision for three months); *United States v. Defeo*, 36 F.3d 272, 276–77 (2d Cir.1994) (flight from pretrial services comparable to escape from custody for purposes of obstruction of justice enhancement). Accordingly, the district court did not clearly err by increasing Watkins's base offense level by two levels for obstruction of justice pursuant to U.S.S.G. § 3C1.1.

## 3. *U.S.S.G. § 3E1.1 Acceptance of Responsibility Reduction*

Lastly, Watkins contends that the district court in refusing to reduce his offense level by two levels for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the de-

termination of the sentencing judge is entitled to great deference on review." U.S.S.G. § 3E1.1, cmt. n. 5; *see also United States v. Robinson,* 152 F.3d 507, 512 (6th Cir.1998). However, when the issue presented is the propriety of applying the reduction to the uncontested facts, the decision is reviewed *de novo. United States v. Tilford,* 224 F.3d 865, 867 (6th Cir.2000).

Watkins maintains that he is entitled to the two-level sentencing reduction for acceptance of responsibility because he was not willfully absent from sentencing, he pleaded guilty in a timely manner, and made a proffer to the Government detailing his conduct. The district judge, however, denied Watkins the reduction on grounds that he (1) violated the conditions of his release by testing positive for the use of marijuana and cocaine and (2) willfully failed to appear for sentencing, as ordered by the district court.

We have already determined that the district judge was entitled to find Watkins willfully absent from his sentencing hearing. The Sentencing Guidelines make clear that timely entry of a guilty plea combined with the truthful admission of unlawful conduct "may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility." U.S.S.G. § 3E1.1, cmt. n. 3. Accordingly, the district court did not err in finding that Watkins's timely entry of a guilty plea and admission of relevant conduct were outweighed by his post-plea conduct.

Watkins maintains that by considering his drug test in its acceptance of responsibility analysis, the district court violated *United States v. Morrison,* 983 F.2d 730 (6th Cir.1993), which held that criminal conduct "unrelated" to the offense for which the defendant has been convicted is irrelevant to a court's determination of acceptance of responsibility. *Id.* at 733–35 (in sentencing a defendant for receipt and possession of a firearm by a felon, the sentencing court could consider the defendant's constructive possession of other firearms as a factor in deciding whether the defendant had accepted responsibility for a firearms violation, but could not consider his post-indictment, pre-sentencing charge of attempted theft and his positive drug test). We note, however, that in *Morrison,* unlike the case before us, there is no indication that the drug test was a condition of the defendant's release or custodial confinement relating to the charged offense. As such, *Morrison,* does not address whether a sentencing judge may consider "conduct of the defendant that is inconsistent with ... acceptance of responsibility," U.S.S.G. § 3E1.1, cmt. n. 3(e), where such conduct violates the express terms of the defendant's pretrial or presentencing release.

■ In this case, however, we need not address whether or not the district court improperly relied on Watkins's drug test because the court also based its denial of an acceptance of responsibility reduction on Watkins's absence from sentencing, which the court construed (permissibly so, as we have already discussed) as an extension of Watkins's pattern of evading court supervision. Regardless of the role Watkins's drug test was permitted to play in the district court's acceptance of responsibility analysis, the district court was permitted to consider his absconding from supervised release prior to sentencing, remaining at-large for three months on an outstanding arrest warrant, and failing to appear for sentencing, because those acts demonstrate a desire to avoid punishment for the charged offense. A defendant's efforts to avoid accountability for the charged offense are plainly relevant to the question of a defendant's acceptance of responsibility. Accordingly, we affirm the district court's decision that Watkins was

not entitled to a sentencing reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.

### III. CONCLUSION

For the reasons discussed above, we affirm the sentence of the district court.