**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 18a0373n.06

Case No. 14-2322

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
Jul 24, 2018
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| PEDRO HEREDIA-PRIETO, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: WHITE, DONALD, and LARSEN, Circuit Judges.

**BERNICE BOUIE DONALD, Circuit Judge**. This delayed appeal raises one issue—whether the district court erred when it denied Appellant Pedro Heredia-Prieto credit for acceptance of responsibility at sentencing. The government contends that we must affirm because Heredia-Prieto waived this argument by withdrawing his challenge to the recommendation in the presentence report ("PSR") that he not receive the credit. The district court did not err, and we **AFFIRM**.

**I.**

In July 2013, Heredia-Prieto was indicted in the Western District of Michigan for several federal crimes, including conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343 and 1349. Heredia-Prieto was subsequently arrested in Texas and was released on bond with conditions; he had to surrender his passport, was prohibited from obtaining international-travel

documents, and could travel only to a few counties in Texas and to Grand Rapids, Michigan, for his relevant court appearances. On May 16, 2014, Heredia-Prieto signed a plea agreement as to the conspiracy count, but he failed to appear at his change-of-plea hearing on May 27, 2014. On May 29, 2014, Heredia-Prieto was arrested in Florida upon reentry from Cuba (in violation of his bond conditions), and he was transported by the U.S. Marshals Service to Michigan to appear before the district court.

At his change-of-plea hearing before the magistrate judge, Heredia-Prieto summarized his role in a scheme to manufacture fake credit cards with scheme-participants' names but other peoples' data; those cards were then used to purchase store gift cards on interstate shopping trips at Walgreens. Heredia-Prieto said he had delivered fraudulent credit cards with a co-conspirator's name on them and that he was involved in the scheme for two months in 2012. He also stated that he communicated with a co-defendant to pass information on when that co-defendant would travel between Texas and Michigan to use the cards. The magistrate judge accepted Heredia-Prieto's plea. Neither party objected to the magistrate judge's report recommending that the district court accept the plea, and the district court adopted the report.

A PSR was prepared for sentencing, which summarized interviews conducted with Heredia-Prieto's co-defendants and the mother of a co-defendant. All provided consistent accounts that Heredia-Prieto was the scheme leader. The PSR recommended enhancements at sentencing for traveling to evade detection, unlawful production of means of identification, a leadership role, and obstruction of justice. The PSR also recommended against granting a two-level reduction for acceptance of responsibility because Heredia-Prieto "drastically underreported his participation in th[e] offense." As the PSR explained, Heredia-Prieto "denied he had incurred any financial benefits as a result of his participation in this case; he denied having any knowledge

of the criminal intent of this enterprise while he was participating; and stated he simply rode along with another individual to pick up the fraudulent cards, denying any other participation in the offense."

Heredia-Prieto initially objected to the recommendation in the PSR that he not receive credit for acceptance of responsibility, in addition to objecting to the proposed enhancements. At the sentencing hearing on October 1, 2014, however, defense counsel expressly withdrew all previous objections to the PSR. The district court agreed with the PSR's calculation of an offense level of 25 and a criminal history category of 1, resulting in an advisory guideline range of 57 to 71 months. The district court sentenced Heredia-Prieto to sixty months' imprisonment followed by three years of supervised release and ordered restitution in the amount of $77,425.90.

Heredia-Prieto appealed his sentence on October 13, 2014. This Court dismissed his appeal for want of prosecution after Heredia-Prieto failed to either pay the appellate filing fee or move to proceed *in forma pauperis*. He subsequently filed a motion under 28 U.S.C. § 2255 claiming ineffective assistance of counsel, and the district court granted Heredia-Prieto's motion concluding that "his counsel was ineffective for failing to act after filing the notice of appeal," and "recommended that the appeal be reinstated upon a proper motion." We then issued an order reinstating Heredia-Prieto's appeal.

Heredia-Prieto challenges on appeal the district court's refusal to grant a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1.

**II.**

U.S.S.G. § 3E1.1(a) allows for a district court to decrease a defendant's offense level at sentencing by two levels "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." An additional one-level decrease is available by motion of the government. U.S.S.G.

§ 3E1.1(b); *United States v. Collins*, 683 F.3d 697, 704 (6th Cir. 2012). Generally, we review a district court's denial of an acceptance-of-responsibility adjustment under U.S.S.G. § 3E1.1 for clear error. *United States v. Brown*, 367 F.3d 549, 556 (6th Cir. 2004) (citing *United States v. Webb*, 335 F.3d 534, 538 (6th Cir. 2003)). When a defendant does not ask for the credit and does not object to a PSR recommendation against his receiving it, however, our review is for plain error. *United States v. Manjate*, 327 F. App'x 562, 571 (6th Cir. 2009). Heredia-Prieto argues that because he admitted to the conduct that comprised the elements of his offense, the district court clearly erred when it denied an adjustment for acceptance of responsibility; moreover, he argues that the district court's stated reasons for denying the adjustment were inadequate. The government contends that because Heredia-Prieto withdrew his objection to his PSR that recommended he not receive credit for acceptance of responsibility, he waived his present argument. Alternatively, the government argues that there was no error.

## A.

We first address waiver. "When one knowingly waives his charged error, that challenge is forever foreclosed, and cannot be resurrected on appeal." *United States v. Jackson*, 23 F. App'x 254, 255 (6th Cir. 2001) (citing *United States v. Saucedo*, 226 F.3d 782, 787 (6th Cir. 2000)). The record reflects that in an addendum to the PSR, Heredia-Prieto objected to the calculations in the PSR, including the recommendation to not decrease his offense level by two for acceptance of responsibility. At sentencing, defense counsel then expressly withdrew all objections to the PSR. Heredia-Prieto posits that despite this initial withdrawal of the objection, his counsel revived the objection to the denial of the acceptance-of-responsibility reduction after "the Court engaged the attorney" in a discussion about whether Heredia-Prieto had accepted responsibility.

Heredia-Prieto's attorney first indicated that she had no objections to the factual recitation in the PSR. The district court then questioned Heredia-Prieto, who confirmed that he understood the PSR and had no questions about it. The district court explained the sentencing calculation and began to discuss any objections with defense counsel:

> The Court: Now, at one point there was an objection or some objections to the scoring of the report. My understanding is that those objections are being withdrawn by defense counsel. Is that correct, [counsel]?
>
> [Defense counsel]: It is correct, Your Honor. I didn't include them in my sentencing memorandum or provide a report to the Court. I chose to focus on other arguments.
>
> The Court: Thank you. . . . Now, I'm a little bit unsure . . . but the presentence writer . . . did not score acceptance of responsibility in this case, which I believe is proper, but does the government have a motion for a one-level reduction for a timely plea?
>
> [Government counsel]: No, Your Honor. I can't make that motion if the Court didn't grant the first two levels.
>
> . . .
>
> And I did inform the defense that while I think that the PSR writer is correct and the legal recommendation that he should not be given acceptance, I think [defense counsel] is right on that. If the Court still decided to go ahead and give the two levels [for acceptance of responsibility], then per the plea agreement, I will move for the third level. But again I think that [the PSR writer's] recommendation is correct as a matter of law.
>
> The Court: Based on what I read throughout the file, I'm not inclined to grant acceptance in this case. I do not think it is warranted based on what appears to be significant minimization by the defendant of his role in this offense.

The district court then asked defense counsel if she agreed to the PSR's calculated range. In response, she stated "Respectfully, Your Honor, I would like to explain maybe his minimization of the role." Counsel described that Heredia-Prieto was not a "leader," to which the district court responded that "it really isn't a question of leadership, it's a question of whether he accepts responsibility for the illegality of his actions, and frankly, I don't think he has." Defense counsel

responded, "I understand and I respect the Court's opinion. I have spent a lot of time with him and I think that he does accept the responsibility." The district court concluded by asking whether defense counsel agreed with the calculations as laid out "based on the rulings that [the court] ha[d] made." Defense counsel responded affirmatively.

We agree with Heredia-Prieto that deference to a district court's ruling is not tantamount to waiver. While defense counsel did initially, expressly, withdraw her objections, the district court engaged counsel in a discussion about whether Heredia-Prieto "accept[ed] responsibility for the illegality of his actions." Counsel argued that he had. Waiver applies when defense counsel "agree[s] in open court with a judge's course of conduct." *United States v. Ward*, 506 F.3d 468, 477 (6th Cir. 2007) (quoting *United States v. Aparco-Centeno*, 280 F.3d 1084, 1088 (6th Cir. 2002)). At the conclusion of the discussion about acceptance of responsibility, counsel for Heredia-Prieto agreed only that based on the district court's rulings, the calculations were correct. The record does not support waiver where defense counsel continued to engage in argument challenging the applicability of an adjustment. The cases cited in support by the government involve express concession of the applicability of an enhancement. *See, e.g.*, *United States v. King*, 430 F. App'x 514, 517 (6th Cir. 2011). Under these specific facts, Heredia-Prieto did not waive the issue of whether the district court committed error by rejecting the acceptance of responsibility credit.

**B.**

Because we find that Heredia-Prieto did not waive the issue, we turn to the merits of Heredia-Prieto's argument. Heredia-Prieto's position is that the district court "erred in denying an acceptance of responsibility adjustment, as he clearly admitted the conduct that comprised his offense," and that the district court's stated reasons for denying the adjustment were inadequate.

The government contends that Heredia-Prieto's lack of candor in minimizing his role, accompanied by his obstruction-of-justice enhancement for attempting to keep a co-conspirator from cooperating by threatening the co-conspirator's mother, and his violations of his bond conditions, compelled the district court to decline to apply the acceptance credit.

"[A]s a general matter[,] pre-trial guilty pleas often establish the requisite acceptance" for a two-level credit, *United States v. Keys*, 359 F. App'x 585, 587 (6th Cir. 2009) (citing U.S.S.G. § 3E1.1 & cmt. n.3), and a defendant is not required to "admit[] relevant conduct beyond the offense of conviction in order to obtain a reduction," U.S.S.G. § 3E1.1 & cmt. n.1(A). However, entry into a plea agreement does not, by itself, guarantee the credit. *United States v. Mahaffey*, 53 F.3d 128, 134 (6th Cir. 1995). And "the defendant has the burden of demonstrating that a downward adjustment in his offense level is warranted under § 3E1.1." *Id.*

The district court here explained its reasons for declining the credit. The district court agreed with the PSR that Heredia-Prieto's description of his crimes "significant[ly] minimize[ed]" his role in the conspiracy. As the district court explained:

> Throughout his allocution at the plea, and his discussion with the probation officer, he continually made it sound as though he was simply a person who just delivered these credit cards, while other persons who were involved in this scheme clearly indicated that he had a much greater participation. He was, if I recall correctly from what I read, he was involved in creating the credit cards and so forth.

Heredia-Prieto does not contest the district court's findings. Rather, he argues that he is entitled to the acceptance-of-responsibility reduction because he "admitted the conduct that comprised his offense." But as the Guidelines explain, in applying the acceptance-of-responsibility reduction, courts may take into account not only whether a defendant "truthfully admit[ed] the conduct comprising the offense[] of conviction," but also whether a defendant "truthfully admit[ed] . . . any additional relevant conduct for which the defendant is accountable." U.S.S.G. § 3E1.1, cmt.

n.1(A). Indeed, "relevant precedent . . . consistently affirms denials of acceptance-of-responsibility reductions when the defendant falsely denies the [relevant] conduct." *Keys*, 359 F. App'x 585, 588 (6th Cir. 2009) (citing *United States v. Lay*, 583 F.3d 436, 448-49 (6th Cir. 2009); *United States v. Maye*, 582 F.3d 622, 625-26 (6th Cir. 2009)).

Further, although the district court did not rely on Heredia-Prieto's obstruction of justice in refusing to grant a two-level reduction for acceptance of responsibility, "we may affirm on any grounds supported by the record, even though different from the grounds relied on by the district court." *United States v. Davist*, 481 F.3d 425, 427 (6th Cir. 2007) (quoting *United States v. Allen*, 106 F.3d 695, 700 n.4 (6th Cir. 1997)). Conduct resulting in an obstruction-of-justice enhancement typically resolves the question of whether a defendant is entitled to a reduction for acceptance of responsibility. *United States v. Jeross*, 521 F.3d 562, 581 (6th Cir. 2008). Further, it requires "extraordinary circumstances" for both an obstruction-of-justice enhancement and an acceptance-of-responsibility credit to apply. *Id.* (quoting U.S.S.G. § 3E1.1 cmt. n.4). A district court may also deny the credit for violations of bond conditions. *See United States v. Watkins*, 86 F. App'x 934, 937-38 (6th Cir. 2004).

We both defer to the sentencing judge's determination that Heredia-Prieto was not entitled to the credit and note that Heredia-Prieto fails to show how any exceptional circumstances applied to entitle him to the credit concurrent with an obstruction-of-justice enhancement. The district court did not commit an error, clear or plain.

## III.

For the foregoing reasons, we **AFFIRM** the judgment of the district court.